**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 13 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAUL AMOROSO, | No.  21-35801 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-05887-BHS |
| v. | |
| SUN LIFE ASSURANCE COMPANY OF CANADA, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted May 18, 2022[**]
Seattle, Washington

Before:  WARDLAW, GOULD, and BENNETT, Circuit Judges.

Dr. Paul Amoroso challenges the district court's denial of his long-term

disability benefits under the Employee Retirement Income Security Act

("ERISA").  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Amoroso worked in a supervisory role as a Physician Executive at the MultiCare Health System. He took partial leave under the Family & Medical Leave Act ("FMLA") on December 14, 2018, because he perceived his mental health conditions—"depression, anxiety, sleep disturbances, inability to maintain focus or meet deadlines, and [inability] to provide vision and strategy for [his] organization"—were affecting his work performance. He returned to work after eighty days, on March 4, 2019, and worked full time about fifty more days before he resigned. Both before taking FMLA leave, and after resigning, he told his treating psychiatrist that his cognitive functioning difficulties impaired his work, but his supervisor and others thought he performed adequately. After resigning, he applied for disability benefits under Defendant-Appellee Sun Life Assurance Company's Long Term Disability Group Policy.

Under the Group Policy, eligible employees must complete an Elimination Period of ninety consecutive days of Disability to qualify for disability benefits.[1] Sun Life rejected Amoroso's claim because, "[u]sing a disability onset date of December 4, 2018, the earliest the 90 day elimination period would have been satisfied on was March 14, 2019." As noted, Amoroso returned to work full time on March 4. Sun Life also determined that Amoroso "does not meet the definition

_____

[1] To satisfy the Elimination Period, Amoroso must have been Totally Disabled or Partially Disabled—and thus unable to perform one or more of the Material and Substantial Duties of his occupation—for ninety days.

of total disability and/or partial disability." The consultant who conducted Sun Life's internal appellate review also found that Amoroso did not establish Total Disability throughout the Elimination Period.

Upon de novo review under ERISA, the district court "evaluate[d] whether the plan administrator correctly or incorrectly denied benefits." *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006) (en banc). The district court found it "undisputable that Amoroso was able to return to work 80 days [after taking FMLA leave] and that he then worked full time until he voluntarily resigned." Thus, the district court found that "Amoroso ha[d] not met his burden of proving that he was disabled for 90 consecutive days while he was insured, or that he was unable to perform the material and substantial aspects of his position."

Where, as here, a district court has reviewed de novo an ERISA plan administrator's decision, we review the district court's factual findings only to determine whether they are clearly erroneous. *See Silver v. Exec. Car Leasing Long-Term Disability Plan*, 466 F.3d 727, 732–33 (9th Cir. 2006); *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1095 (9th Cir. 1999) (en banc).

Under the Group Policy, disability income benefits become payable only if the claimant "send[s] Proof . . . that [they] have become Disabled;" is "insured under the Policy at the time [their] Disability commences; and [has] completed [their] Elimination Period." Because Amoroso did not meet the third requirement,

3

Sun Life did not have to pay him benefits. Having returned to work full time after eighty days, Amoroso failed to complete the Elimination Period, and he offers no evidence to the contrary. Thus, the district court did not err by finding Amoroso did not meet his burden of proving that he was disabled for ninety consecutive days.

**AFFIRMED.**